## HARRIS v. VATTER (CHARITY HOSPITAL OF LOUISIANA, Intervener).

### No. 17279.

Court of Appeal of Louisiana. Orleans.

June 13, 1940.

Fred G. Veith, of New Orleans, for plaintiff-appellant.

Cyril F. Dumaine, of New Orleans, for intervenor-appellant.

Terriberry, Young, Rault & Carroll, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit by a tenant against her landlord for $2,000 damages due to physical injuries resulting from a fall alleged to have been caused by the defective condition of the steps leading to plaintiff's apartment. The Charity Hospital intervened asserting a legal subrogation under Act 230 of 1932, to the extent of $99.50 for hospital services. The defendant denied that plaintiff suffered any injuries and, in the alternative, averred that, if she was injured as alleged, it was due solely to her own carelessness and fault.

There was judgment below in favor of defendant dismissing plaintiff's suit and the plaintiff and intervenor have appealed.

We are convinced that Juliet Harris, the plaintiff, was injured. The records of the Charity Hospital and the testimony of her physician conclusively prove this fact. We believe that her injuries were due to a fall while descending the stairs which lead to her apartment, but it is not shown that there was anything wrong with the steps which could have been the cause of her fall. There are two photographs of the stairs in evidence, one offered by plaintiff and the other by the defendant. They do not differ in any material aspect and fail to exhibit any defect. The court and counsel visited the scene of the accident and made a personal examination of the stairs, particularly the step which Juliet Harris stated gave way under her weight.

Walter C. Keenan, an architect, testified on behalf of defendant that he had examined the steps and that he not only walked up and down the stairway, but jumped up and down and though he weighed two hundred and eight pounds, the steps did not give way.

No repairs have been made to the steps since the accident complained of, according to the testimony of Henry H. Vatter, the lessor, and his rent collector, E. L. Van Cleve. There is some testimony about

a small fragment one inch and a half wide having been detached from one of the steps when plaintiff fell, but her counsel expressly disclaims any contention that this had anything to do with her fall, insisting that the steps gave way under her weight.

Under the circumstances, we are of opinion that the case has been properly decided; consequently, and for the reasons herein assigned, the judgment appealed from is affirmed.

Affirmed.